UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BANK OF AMERICA, N.A.,

   Plaintiff,

v.

TORINA A. COLLIS,

   Defendant.

Civil Action No. TDC-20-2240

**MEMORANDUM ORDER**

On January 6, 2020, Plaintiff Bank of America, N.A. ("Bank of America"), filed a Complaint in the Circuit Court for Charles County, Maryland, Case No. C-08-CV-20-000021, against Defendant Torina A. Collis. ECF Nos. 2, 2-1. On August 3, 2020, Collis removed the case to this Court. Pending before the Court is Bank of America's Motion for Remand. ECF No. 7. For the reasons set forth below, the Motion will be granted.

**BACKGROUND**

In the Complaint, Bank of America alleges that Collis has failed to pay an unpaid balance on a Bank of America credit card account with an account number ending in 0201 ("the 0201 Account"). In January 2019, Bank of America and Collis entered into a Settlement Agreement, in which she agreed to pay $42,922.87 to settle the 0201 Account. In the Settlement Agreement, Collis also agreed to pay $31,897.44 to resolve the outstanding debt on a separate Bank of America credit card account with an account number ending in 4790 ("the 4790 Account"). The Settlement Agreement required monthly payments toward these debts. When Collis failed to make these

payments, Bank of America filed the present action seeking $42,518.87 still owed on the 0201 Account.

In a separate lawsuit filed against Collis in the Circuit Court for Charles County, Case No. C-08-CV-20-00025, Bank of America is seeking $31,497.44 still owed on the 4790 Account. Collis also removed that case to this Court. *Bank of America, N.A., v. Collis*, No. TDC-20-0360 (D. Md. Feb. 10, 2020).

## DISCUSSION

The present case must be remanded because this Court lacks subject matter jurisdiction. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2018). Setting aside exceptions not applicable here, a defendant may remove a state court case only when it meets the requirements of either (1) diversity jurisdiction or (2) federal question jurisdiction. *See Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). The defendant bears the burden of demonstrating subject matter jurisdiction. *See id.*

First, the Court lacks diversity jurisdiction in this case. Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states. 28 U.S.C. § 1332(a). When diversity jurisdiction "provides the grounds for removal, 'the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting 28 U.S.C. § 1446(c)(2)). Here, the amount in controversy requirement is not met because, in the Complaint, Bank of America seeks a judgment of only $42,518.87 plus costs.

Although Bank of America also seeks a monetary judgment against Collis in another case that Collis removed to this Court, the amounts in controversy in the two cases should not be summed together. The plaintiff is the "master" of the complaint. *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). In this instance, Bank of America chose to file two separate actions, and where it seeks to recover separate debts on separate accounts, that decision was entirely reasonable, such that the $42,518.87 sought in the present case is fairly deemed to be "the sum demanded in good faith in the initial pleading" that constitutes "the amount in controversy." 28 U.S.C. § 1446(c)(2). Even if the two cases are sufficiently related that they could be consolidated, any claim that the amounts sought in the two cases should be aggregated for jurisdictional purposes finds no support in law. *See Resolution Mgmt. Consultants, Inc. v. Hickey,* No. 10-6243, 2011 WL 2609854, at *5-8 (D.N.J. June 29, 2011) (rejecting a claim that the alleged damages in the plaintiffs' multiple state court lawsuits should be aggregated to meet the amount in controversy requirement and thus granting a motion to remand). Indeed, a plaintiff may choose to frame a complaint in a way that limits the amount in controversy to below the jurisdictional threshold amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) (holding that if a plaintiff "does not desire to try [the] case in the federal court," the plaintiff "may resort to the expedient of suing for less than the jurisdictional amount" even if the claim could be worth more, and the defendant still would not be able to remove the case); *see also JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) ("In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 288)). Because the amount sought in Bank of America's state court complaint is far less than the required amount in controversy, this Court lacks diversity jurisdiction.

Second, the Court lacks federal question jurisdiction, under which United States district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," such jurisdiction ordinarily exists only when the plaintiff's claims, as stated on the face of the complaint itself, raise an issue of federal law. *See King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003). A federal defense to a plaintiff's purely state law claim is generally insufficient to support removal. *See id.* Similarly, "a federal counterclaim" does not establish federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 & n.10 (2009).

Here, the Complaint asserts only a state law breach of contract claim. There is no federal question on the face of the well-pleaded complaint. Although Collis has asserted a counterclaim based on a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (2018), such a federal counterclaim does not confer federal question jurisdiction. *See Vaden*, 556 U.S. at 60. Likewise, the counterclaim invoking the Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide jurisdiction either. *See id.*; *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Webster Cty. Lumber Co. v. Wayne*, 61 F. App'x 63, 65 (4th Cir. 2003) (noting that even when the Declaratory Judgment Act is invoked, the "requirements of jurisdiction" still apply, such that the plaintiff's claim "must present a federal question"). Thus, the Court lacks federal question jurisdiction.

Because neither diversity jurisdiction nor federal question jurisdiction exists in this case, the Court lacks subject matter jurisdiction and must remand this case to the state court.

## CONCLUSION

It is hereby ORDERED that:

1. The Motion to Remand, ECF No. 7, is GRANTED.

2. This case shall be remanded to the Circuit Court for Charles County, Maryland.

3. The Clerk shall send a copy of this Order to the Clerk of the Circuit Court for Charles County.

4. The Clerk shall close this case.

Date:  October 23, 2020                         /s/ *Theodore D. Chuang*
                                                THEODORE D. CHUANG
                                                United States District Judge